UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
BETSY FELICIANO and FELIPE
FELICIANO,

                Plaintiffs,

                -against-

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE ON BEHALF OF THE
HOLDERS OF THE CSAB MORTGAGE-
BACKED PASS THROUGH
CERTIFICATES, SERIES 2007-1,

                Defendant.
---------------------------------------------------------X

MEMORANDUM AND ORDER

CV 13-1436

(Wexler, J.)

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 15 2013 ★

LONG ISLAND OFFICE

APPEARANCES:

    KENNETH S. PELSINGER, P.C.
    BY: KENNETH S. PELSINGER, ESQ.
    Attorneys for Plaintiffs
    3601 Hempstead Turnpike, Suite 305
    Levittown, New York 11756

    ECKERT SEAMANS CHERIN & MELLOTT, LLC
    BY: GERALDINE ANN CHEVERKO, ESQ.
    Attorneys for Defendant
    10 Bank Street, Suite 1061
    White Plains, New York 10606

WEXLER, District Judge

        The claims in this case arise out of a foreclosure action on a property located in Westchester County, New York. Presently before the court is Defendant's motion to dismiss. Among the many grounds set forth in the motion is the argument that venue in this district is improper. Plaintiff, conceding that he mistakenly commenced this action in the Eastern District of New York, agrees that venue in this matter properly lies in the Southern District of New

1

York.

Pursuant to 28 U.S.C. § 1406 ("Section 1406") where venue is improper, this court has discretion to transfer the case to a district in which the case could have been brought. 28 U.S.C. § 1406(a) (authorizing transfer to proper district "in the interests of justice"); see Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993) (decision whether to dismiss or transfer is left to the discretion of the district court); Zaltz v. JDATE, 2013 WL 3369073 * 9 (E.D.N.Y. 2013).

In view of the parties' agreement as to the impropriety of venue in this district, the propriety in the Southern District, and Plaintiff's concession as to the laying of venue in the wrong district, the court will exercise its discretion to transfer this matter to the United States District Court for the Southern District of New York. The court expresses no opinion as to the merits of any of aspect of the motion or Plaintiff's case.

## CONCLUSION

For the foregoing reasons, the court denies the motion to dismiss and orders, instead, that this matter be transferred. The Clerk of the Court is directed to terminate the motion filed under docket entry number 11, close this case in this District and to transfer the file in this matter to the United States District Court for the Southern District of New York.

SO ORDERED

/s/ LEONARD D. WEXLER
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
July 15, 2013

2